## IN THE SUPREME COURT OF THE STATE OF NEVADA

DESERT AIRE WELLNESS, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant/Cross-Respondent,
vs.
GB SCIENCES, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Respondent/Cross-Appellant,
  and
THE STATE OF NEVADA, DIVISION
OF PUBLIC AND BEHAVIORAL
HEALTH, DEPARTMENT OF HEALTH
AND HUMAN SERVICES,
Respondent.

No. 70462

FILED

APR 27 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### *ORDER OF REVERSAL AND REMAND*

This is an appeal and cross-appeal from a final judgment in an action concerning entitlement to a medicinal marijuana dispensary provisional license. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

### *BACKGROUND*

NRS Chapter 453A governs the production and distribution of medical marijuana and tasks the Division of Public and Behavioral Health of Nevada's Department of Health and Human Services (Department) with carrying out its provisions.[1] NRS 453A.322 provides registration and

---

[1]The Legislature amended NRS Chapter 453A on June 12, 2017, transferring responsibility for the regulation of medical marijuana establishments to the Department of Taxation. *See* A.B. 422, 79th Leg.

18- 16088

application requirements for medical marijuana establishments (MMEs). Among those requirements, NRS 453A.322(3)(a)(5) provides that "[the] person who wishes to operate the proposed [MME] [must] submit[ ] . . . proof of licensure with the applicable local governmental authority or a letter from the applicable local governmental authority certifying that the proposed [MME] is in compliance with [its] restrictions." The local government involved here, the City of Las Vegas (City), has enacted a municipal ordinance that requires it to notify the Department when a "proposed location has been found in conformance with land use and zoning restrictions" pursuant to NRS 453A.322(3)(a)(5). Las Vegas Municipal Code § 6.95.080.

In 2014, the Department considered applications for up to 12 MMEs within Las Vegas. The Department accepted applications for ten days in August 2014. Under NRS 453A.322, the Department was required to issue registration certificates to qualifying applicants 90 days after its application period, or November 3, 2014. Among those that applied were GB Sciences, LLC, and Desert Aire. One business day before the 90-day deadline, the City provided the Department notice of the applicants who had complied with its zoning restrictions and building requirements as required by NRS 453A.322(3)(a)(5). The City approved GB Sciences but listed Desert Aire as a withdrawn applicant.

On November 3, 2014, the Department released its applicant ranking. GB Sciences ranked 13th and, therefore, did not receive a registration certificate. Desert Aire ranked 10th and received a provisional registration certificate notwithstanding its failure to satisfy NRS

_____

(Nev. 2017). Unless otherwise specified, this opinion refers to the 2014 version of NRS Chapter 453A. 2013 Nev. Stat., ch. 547, at 3695-729.

 

453A.322(3)(a)(5). Desert Aire later received approval from the City and a final registration certificate from the Department.

GB Sciences brought suit against Desert Aire and moved for summary judgment, arguing that because Desert Aire did not have the requisite City approval under NRS 453A.322(3)(a)(5), it should have been disqualified such that GB Sciences was entitled to its license. Desert Aire opposed the motion and countermoved for summary judgment. The district court granted GB Sciences' motion in part, ordering the Department to revoke Desert Aire's registration certificate. In so ordering, the district court concluded that Desert Aire should have been disqualified due to its noncompliance with NRS 453A.322(3)(a)(5). Desert Aire moved the district court to reconsider its decision, and the district court denied the motion for reconsideration.

## DISCUSSION

*The district court erred in its interpretation of NRS 453A.322*

On appeal, Desert Aire argues that the district court incorrectly determined that it could not receive a provisional registration certificate because it lacked the requisite City approval under NRS 453A.322(3)(a)(5).[2] We agree.

We review a district court's order granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029.

---

[2]Desert Aire also claims that, if this court determines that NRS 453A.322(3)(a)(5) must be satisfied before an applicant may receive a provisional certificate, GB Sciences lacked standing to assert its claims because it did not have City approval when it submitted its application materials. However, as we explain below, NRS 453A.322 allows the Department to issue provisional registration certificates to applicants who have not yet met NRS 453A.322(3)(a)(5)'s requirement. Therefore, we conclude that GB Sciences maintained standing to assert its claim.

Similarly, "[w]e review a district court's statutory construction determination de novo." *Nev. Atty. for Injured Workers v. Nev. Self-Insurers Ass'n*, 126 Nev. 74, 83, 225 P.3d 1265, 1270-71 (2010).

NRS 453A.322 outlines the application process generally, providing in relevant part:

> 3. *Except as otherwise provided in NRS . . . 453A.326* [*and*] *453A.328, . . .* not later than 90 days after receiving an application to operate a medical marijuana establishment, the [Department] *shall register* the [MME] and issue a[n MME] registration certificate . . . *if*:
>
> (a) The person who wishes to operate the proposed [MME] *has submitted to the [Department] all of the following*:
>
> (5) . . . proof of licensure with the applicable local governmental authority or a letter from the applicable local governmental authority certifying that the proposed [MME] is in compliance with [its] restrictions and satisfies all applicable building requirements[.]

(Emphases added.) We recently interpreted these provisions in *Nuleaf CLV Dispensary, LLC v. State Department of Health & Human Services, Division of Public & Behavioral Health*, and held that NRS 453A.322(3)(a)(5) does not prevent the Department from issuing a provisional registration certificate where an applicant lacks local government approval. 134 Nev., Adv. Op. 17, ___ P.3d ___ (2018). We determined that while NRS 453A.322(3)(a)(5) was ambiguous, it would be unreasonable to mandate local government approval before the issuance of a provisional certificate because doing so would allow local authorities to (1) interject right before the Department's 90-day deadline, potentially violating the statutorily mandated time limit; or (2) preclude applicants from receiving certificates by simply failing to notify the Department pursuant to NRS

453A.322(3)(a)(5). *Id.* at ___. Ultimately, we concluded that allowing the Department to issue a provisional registration certificate before an applicant receives local government approval does not supersede local oversight of MMEs and does not conflict with the statute's plain language or the legislative intent. *Id.* at ___.

Consistent with *Nuleaf*, we conclude that the Department could issue a provisional registration certificate to Desert Aire before it met NRS 453A.322(3)(a)(5)'s requirement. *See id.* Therefore, we conclude that the district court erred in revoking Desert Aire's registration certificate based on its delayed compliance with NRS 453A.322(3)(a)(5). In light of the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                                Gibbons

_____, J.          _____, J.
Pickering                             Hardesty

_____, J.          _____, J.
Parraguirre                           Stiglich

---

[3]In light of our conclusion in this matter, we need not reach the parties' other arguments on appeal or cross-appeal.

cc: Hon. Kenneth C. Cory, District Judge
James J. Jimmerson, Settlement Judge
McLetchie Shell LLC
Fennemore Craig, P.C./Las Vegas
Attorney General/Las Vegas
Smith & Shapiro, LLC
Eighth District Court Clerk